The State v. Kyne.

---

### THE STATE OF KANSAS v. PAT KYNE.
*No. 433.*   (62 Pac. 728.)

1. CRIMINAL LAW—*Misconduct of Jury—Admonition.*   It is not error for the judge of a district court in the trial of a criminal case, in which he has a reasonable suspicion that an effort is being made to tamper with the jury, to call the jury in from their jury-room and interrogate them as to the facts and to admonish them not to allow themselves to be tampered with.

2. ———— *Instructions—Burden of Proof.*   Where in such a case the court has fully instructed the jury as to the law in regard to the burden of proof and a reasonable doubt, and that before they can convict the defendant of the offense charged every material fact necessary to constitute such offense must be proved by the evidence beyond a reasonable doubt, it is not reversible error to instruct them that "It is for you to determine from all the evidence in the case whether or not the liquors sold by the defendant, if any, upon which the state relies for conviction, were intoxicating, within the meaning of our statute."

Appeal from Lincoln district court; R. F. THOMPSON, judge.   Opinion filed October 27, 1900.   Affirmed.

*Geo. D. Abel,* county attorney, and *C. B. Daughters,* for The State.

*David Ritchie, E. A. McFarland,* and *Ira C. Buzick,* for appellant.

The opinion of the court was delivered by

WELLS, J.: There are seven allegations of error argued in the brief of appellant, the first of which is that the verdict was not sustained by the evidence. There was competent evidence submitted to the jury to warrant a conviction, and in such cases the verdict cannot be disturbed.

The second complaint is that the information was not refiled after being reverified. This was not essential; it was already filed in the case, and it was considered and treated as having been refiled, but no indorsement was made by the clerk. This is not fatal.

The third allegation of error is in the giving of the ninth instruction, which reads as follows:

"Beer is presumed to be intoxicating within the meaning of our statute, and under said statute all fermented liquor is presumed to be intoxicating, and, if the defendant at the time and place mentioned in the information sold fermented liquors, then it devolves upon him to remove such presumption of the law by evidence. It is claimed upon the part of the defendant that, if he sold any liquors at the time and place as charged in the information, such liquors were not intoxicating, and upon that issue evidence has been offered; and it is for you to determine, from all the evidence in the case, whether or not the liquors sold by the defendant, if any, upon which the state relies for a conviction, were intoxicating, within the meaning of our statute."

The State v. Kyne.

It is contended that the words "beyond a reasonable doubt" should have been inserted in the last sentence of said instruction so as to read: "It is for you to determine, from all the evidence in the case, beyond a reasonable doubt, whether or not the liquors sold by the defendant, if any, upon which the state relies for a conviction, were intoxicating, within the meaning of our statute." Appellant in the oral argument of the case urged that the instruction as given threw the burden of proof upon the defendant to establish the non-intoxicating qualities of the liquor sold, and did not give him the benefit of a reasonable doubt upon that subject. We do not think the contention is well founded. The court had previously instructed the jury in its third, fourth and fifth instructions as to the burden of proof and upon the law as to a reasonable doubt, and that, before they could convict the defendant of any offense charged in the information, "every material fact necessary to constitute such offense must be proved by the evidence beyond a reasonable doubt." The case of *The State v. Grinstead*, ante, p. 78, 61 Pac. 975, is cited by the appellant in support of his contention; but in that case the jury were told: "It is incumbent upon him (the defendant) to satisfy you that it was not published with his knowledge or authority, and unless he has satisfied you, you should return a verdict of guilty in this case." A very different instruction from the one given herein.

The fourth and sixth allegations of error are that in drawing the necessary additional jurors the names drawn were limited to those residing within six miles of the court-room. The order of the court in this matter was made for the saving of time and expense, was not objected to by defendant, and that he was not prejudiced thereby is evidenced by the fact that he

used only three of the peremptory challenges.  There was no reversible error in this.  The fifth allegation of error appears to be waived, and the only one remaining is the seventh, which is the alleged misconduct of the court in calling in the jury and giving them an admonition to be careful and not allow any outsider to tamper with them.  This was done after questioning one of the jurors as to rumors that had reached the court of misconduct on the part of said juryman. We do not think the judge was guilty of any misconduct in this matter.

The judgment will be affirmed.